Nott, Ch. J.,
concurring:
I agree with the opinion of the court so far as it relates to the fifth article of the convention of 1803, but I am of the opinion that the claim in the case, is one of those which were “embraced” in the convention of 1803. Consequently it is one of those of which this court is inhibited from exercising jurisdiction by the act of 1886, section 1. At that point the case stops.
The Council of Prizes decreed the restitution of the vessel and cargo, and the owners obtained by virtue of that decree 12,294 francs in a suit against the captors. That they recovered no more was their misfortune, but does not affect the question of jurisdiction. (Meade's Case, 9 Wall. R., 691.) The clause “cmd only m ease of msufficiency of the caj^tors” was for the protection of the United States — to compel the owners to pursue their remedy against the captors and prac *427 tically to limit the liability of tbe United States. That is to say, it was not a jurisdictional condition, but went to the measure of damages.
Upon the question of the liability of the United States in cases where the condemnation of an American vessel was by a French court in Spanish territory I express no opinion.